O’Neall, J.
delivered the opinion of the Court.
That judgments may be set off against each other, does not arise from the discount law in this State, or the statutes of set-off in Great Britain. It springs from the general jurisdiction of the Court over the suitors in it, and the equitable cognisance which it takes of their respective rights and liabilities. It is resorted to, to prevent a party from paying that which, by the legal judgment of the same tribunal, in another action, he is entitled to have paid to him by the other party.
Scharloek v. Oland, t Rich, 207'
An application to make such set-off is addressed to the dis-(cretioa of the Court, and it is its duty, in the exercise of a sound discretion, to see that justice be done.
jjere no oue pretends to doubt the propriety of the set-off, if the recovery, in one case, for costs, in-the name of the defendant, can be legally considered as his debt. That costs of the attorney, clerk and sheriff are regarded as respective-¡y belonging to them, cannot now be denied. But still, notwithstanding this be so, the judgment is in the name of the party for whom they have rendered the services; and if they do not object to his receiving their costs, no one else can make the objection for them. Here the set-off is understood to be the only certain means of securing payment from him who is primarily liable for the costs. The facts, that the defendant, if the costs be not collected from the plaintiff, will be liable for so much of the respective bills of the attorney, clerk and sheriff as arose from services rendered for him, and
that he is clearly entitled to receive his witnesses’ costs covered by the judgment, create such an interest in him, as well authorized him to claim the set-off.
The motion is dismissed.
The whole Court concurred.

Motion refused.